UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| GARY D. JONES | ) | CASE NO. 12-10353(1)(7) |
| MARY L. JONES | ) | |
| | ) | |
| Debtor(s) | ) | |
| | ) | |
| ALICIA C. JOHNSON, TRUSTEE | ) | AP NO. 12-1035 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GARY D. JONES | ) | |
| MARY L. JONES | ) | |
| BANK OF AMERICA | ) | |
| | ) | |
| Defendant(s) | ) | |

## MEMORANDUM OPINION

This matter is before the Court on the Motion for Partial Summary Judgment of Defendant Bank of America ("BOA"). The Court considered the Motion of BOA, the Response of the Plaintiff Alicia C. Johnson, Trustee ("Trustee"), the Response of the Defendants, Debtors Gary and Mary Jones ("the Debtors"), the Reply filed by BOA and the comments of counsel for the parties at the hearing held on the matter. For the following reasons, the Court will **GRANT** the Motion for Partial Summary Judgment.

**UNDISPUTED FACTS**

On September 30, 2005, Debtors executed a Promissory Note with BOA's predecessor-in-interest, 3rd Financial Services Corporation, in the amount of $79,123. The Debtors gave 3rd Financial Services Corporation a Mortgage to secure the Note on property located at 3906 Pleasant Hill Road, Franklin, Kentucky 42134 ("the Property"). The Mortgage references 4.51 acres of real estate and a 1997 Summit Mobile Home VIN No. H138788GLR in a Manufactured Home Rider to the Mortgage.

The Mortgage states at Paragraph 20:

20. Waiver of Homestead.
Buyer waives all right of homestead exemption in the property.

Neither the Mortgage, nor the Manufactured Home Rider were recorded by BOA's predecessor-in-interest with the County Clerk in Simpson County.

The Note and Mortgage of BOA were executed to refinance a prior loan Debtors had on the Property with Green Tree Financial Services.[1] Green Tree's Mortgage was recorded in the books and records of the Simpson County Clerk and its lien was noted on the title to the mobile home. Green Tree's Mortgage was satisfied but unreleased according to the books and records of the Simpson County Clerk.

---

[1] The Trustee was granted a default judgment in this action against Green Tree Servicing LLC on September 25, 2012, adjudging Green Tree to have no lien on the Property.

On March 15, 2012, Debtors filed their Voluntary Petition seeking relief under Chapter 7 of the United States Bankruptcy Code. In their Petition, Debtors indicated that they intended to reaffirm their debt to BOA and that the debt was secured by their "1998 doublewide and land." *See* Statement of Intention. Debtors listed BOA's claim on Schedule D as an undisputed secured claim in the amount of $71,389.73.

On August 10, 2012, the Trustee initiated this adversary proceeding against Debtors, BOA, Greentree Services LLC and Simpson County. The Complaint seeks to avoid BOA's lien and a declaration that Debtors' homestead exemption is subordinate to the position of the Trustee.

On March 26, 2013, BOA filed its Motion for Partial Summary Judgment.[2] Specifically, the Complaint filed by the Trustee seeks a declaration that in the event the Trustee succeeds in avoiding the lien of BOA, then the Debtors' claim to the homestead exemption is subordinate to the Trustee's position that the lien is preserved for the benefit of the bankruptcy estate. BOA seeks a judgment declaring that Debtors are not entitled to assert the homestead exemption.

On April 19, 2013, Debtors amended Schedule D of the Petition claiming that at the time the Petition was filed Debtors were unaware that BOA had failed to record the

---

[2]At the time BOA filed its Motion for Partial Summary Judgment, the Debtors had not claimed a homestead exemption. Subsequent to the filing of the Motion, the Debtors amended Schedule C in the main case to assert their claim to a homestead exemption.

-3-

Mortgage and that the debt was now an unsecured debt. Debtors also amended Schedule C to claim an exemption of $43,250 in the mobile home and real estate located at 3906 Pleasant Hill Road, Franklin, Kentucky 42134 pursuant to 11 U.S.C. §522(b)(1). The Trustee filed an Objection to Debtors' Amended Schedule C.

## LEGAL ANALYSIS

The issue before the Court is whether the Debtors may claim an exemption in their homestead in the event the Trustee succeeds in avoiding the liens of BOA for the benefit of the bankruptcy estate. The Trustee asserts in this adversary proceeding that BOA failed to record its Mortgage and did not have the mobile home converted to real property in accordance with the procedure set forth in KRS 186A.297. That issue, however, is not before the Court at this time. The only issue the parties seek to resolve is whether Debtors are entitled to claim their homestead exemption.

The Court notes at the outset that the proper order in dealing with the issues raised in the adversary proceeding and the Motion for Partial Summary Judgment would be to first determine whether the lien of BOA is avoided by the Trustee and preserved for the benefit of the bankruptcy estate, pursuant to 11 U.S.C. §551. Section 522 of the Code consistently throughout references property whose transfer is avoided as exemptible by the debtor only after the transfer has been avoided. *See, In re Bethea*, 275 B.R. 127, 130 (Bankr. D. D.C. 2002). However, in order to resolve the Motion for Partial Summary Judgment, as well as the Trustee's Objection to the Debtors' Amended Schedule C and D in the main

case, the Court will resolve whether Debtors would be entitled to claim their homestead exemption if BOA's lien were avoided by the Trustee. The Court concludes Debtors are not entitled to the exemption.

The resolution to the issue at bar is contained in 11 U.S.C. §522(g)(1)(A) which states in pertinent part:

> Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if –
>
> (1)(A)  such transfer was not a voluntary transfer of such property by the debtor;
>
> . . . . .

Pursuant to this Section of the Code, the debtor may only exempt the lien recovered by the estate if the transfer of the lien interest in the residence "was not a voluntary transfer" of such property by the debtor. The Code does not provide a definition of "voluntariness" but the granting of a mortgage or a security interest in the debtor's property is considered a voluntary transfer by the Courts. *See*, *4 Collier on Bankruptcy*, p. 522.12[2][b] at 522-114 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2013). *See also*, *In re Smith*, 2010 WL 3277795 (Bankr. E.D. Ky. 2010) ("Section 522(g) allows a debtor to exempt property that the trustee recovers as long as the transfer was involuntary. The granting of a mortgage or security interest is voluntary.") Here there is no indication whatsoever that the mortgage granted by the Debtors to BOA was involuntary. Thus, the

Debtors may not claim an exemption under 11 U.S.C. §522(g), in the event that the Trustee avoids the lien for the benefit of the estate. In such an instance, the lien is preserved for the bankruptcy estate, not the Debtors.[3]

The cases, arguments and documents submitted by the Debtors do not create genuine issues of material fact. The Debtors are not entitled to claim a homestead exemption on this consensual lien as a matter of law. Accordingly, the Motion for Partial Summary Judgment is **GRANTED**, as the Debtors are unable to claim the homestead exemption as a matter of law.

## **CONCLUSION**

For all of the above reasons, the Motion for Partial Summary Judgment of Bank of America, be and hereby is, **GRANTED** by the accompanying Order.

_____
Joan A. Lloyd
United States Bankruptcy Judge
Dated: June 24, 2013

---

[3]The Court need not consider whether the waiver language in the Mortgage prohibits Debtors' exemption. Section 522(g) is dispositive of the issue.

...

y

Debtors may not claim an exemption under 11 U.S.C. §522(g), in the event that the Trustee avoids the lien for the benefit of the estate. In such an instance, the lien is preserved for the bankruptcy estate, not the Debtors.[3]

The cases, arguments and documents submitted by the Debtors do not create genuine issues of material fact. The Debtors are not entitled to claim a homestead exemption on this consensual lien as a matter of law. Accordingly, the Motion for Partial Summary Judgment is **GRANTED**, as the Debtors are unable to claim the homestead exemption as a matter of law.

## **CONCLUSION**

For all of the above reasons, the Motion for Partial Summary Judgment of Bank of America, be and hereby is, **GRANTED** by the accompanying Order.

_____
Joan A. Lloyd
United States Bankruptcy Judge
Dated: June 24, 2013

---

[3]The Court need not consider whether the waiver language in the Mortgage prohibits Debtors' exemption. Section 522(g) is dispositive of the issue.

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| GARY D. JONES | ) | CASE NO. 12-10353(1)(7) |
| MARY L. JONES | ) | |
| | ) | |
| Debtor(s) | ) | |
| | ) | |
| ALICIA C. JOHNSON, TRUSTEE | ) | AP NO. 12-1035 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GARY D. JONES | ) | |
| MARY L. JONES | ) | |
| BANK OF AMERICA | ) | |
| | ) | |
| Defendant(s) | ) | |

**ORDER**

Pursuant to the Memorandum Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion for Partial Summary Judgment of Defendant Bank of America, be and hereby is, **GRANTED**.

_____
Joan A. Lloyd
United States Bankruptcy Judge
Dated: June 24, 2013