UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| GARY D. JONES | ) | CASE NO. 12-10353(1)(7) |
| MARY L. JONES | ) | |
| | ) | |
|         Debtors | ) | |
| | ) | |
| ALICIA C. JOHNSON, TRUSTEE | ) | |
| | ) | |
|         Plaintiff | ) | |
| | ) | |
| v. | ) | A.P. NO. 12-1035 |
| | ) | |
| GARY D. JONES | ) | |
| MARY L. JONES | ) | |
| BANK OF AMERICA | ) | |
| | ) | |
|         Defendants | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on the Motion for Partial Summary Judgment filed by Debtors Gary and Mary Jones ("Debtors"). The Court reviewed the Debtors' Motion, the Response to the Debtors' Motion filed by Plaintiff Alicia C. Johnson, Trustee ("Trustee"), as well as the entire record in this adversary proceeding and the Debtors main bankruptcy case, No. 12-10353. For the following reasons, the Court will **DENY** the Debtors' Motion. An Order denying the Debtors' Motion accompanies this Memorandum Opinion.

**UNDISPUTED MATERIAL FACTS**

The Court incorporates herein verbatim the Trustee's Statement of Material Facts in her Response to Defendants' Motion for Partial Summary Judgment, as well as the Undisputed Facts set forth in the Court's Memorandum Opinion entered on June 25, 2013 herein.

**LEGAL ANALYSIS**

The Trustee initiated this adversary proceeding to void the lien of Defendant M & T Bank Corporation, successor-in-interest to Bank of America, N.A. (" the Bank") on the Debtors' mobile home and real estate. The Trustee also sought a declaration that the Debtors' homestead exemption is subordinate to the Trustee's position. The Bank sought entry of a partial summary judgment declaring that if the Bank's lien was voided, Debtors were not entitled to assert the homestead exemption. On June 25, 2013, the Court ruled, as a matter of law, that the Debtors were not entitled to claim a homestead exemption under 11 U.S.C. §522(g) because the granting of the mortgage was a voluntary act by the Debtors. The avoided lien of the Bank was preserved for the benefit of the bankruptcy estate, not the Debtors. *See*, Memorandum and Order in the A.P., DKT. 51.

On August 16, 2013, Debtors amended Schedule C to their Petition in the main case to claim an exemption pursuant to 11 U.S.C. §522(d), the "wildcard" or "catchall" exemption in the amount of $18,500.

On December 2, 2013, following a hearing and additional briefing by the parties on the Debtors' Amended Schedule C and the Trustee's Objection in the main case, the Court entered an Order sustaining the Trustee's Objection to Debtors' Amended Schedule C. The Order specifically stated, "The Debtors shall not be permitted to exempt any interest or amount of sale proceeds from the manufactured home and/or the 9.9 acres located at 3906 Pleasant Hill Road, Franklin,

Kentucky." The Court's Order was premised on the finding that the Debtors could not meet the requirements of 11 U.S.C. §522(g), which must be met by the Debtors to assert exemption rights in order to avoid the operation of 11 U.S.C. §551, the Trustee's avoidance powers. No appeal was taken of that Order and it is now final.

Debtors' Motion for Partial Summary Judgment was filed on the same day the Court issued the above Order in the main bankruptcy case. That Order is the law of the case and Debtors have no legal right to claim an exemption in any proceeds on the mobile home and real estate.

Furthermore, on December 9, 2013, the Trustee and the Bank filed a Notice of Agreed Order of Dismissal with Prejudice of all claims asserted by the Trustee against the Bank pending Court approval of a settlement reached by the Trustee and the Bank in this adversary proceeding. Pursuant to the terms of the settlement, in return for payment of $14,152 and waiver of its rights to receive a dividend on any claim in the Debtors' bankruptcy estate, the Trustee would convey any interest in the mobile home and real estate to the Bank. In exchange, the Trustee would release the Bank and any of its assigns on any claims that had been made or could have been made now or in the future in this adversary proceeding.

The proposed settlement was noticed for objections, but no objections to the proposed Settlement Agreement were filed. Accordingly, after reviewing the settlement terms, the Court entered an Order approving the Settlement Agreement between the Trustee and the Bank on January 7, 2014. No appeals of that Order were pursued and that Order is now final.

The above referenced Orders moot the matters raised in the Debtors' Motion for Partial Summary Judgment. The Debtors are not entitled to claim an exemption in the mobile home and the real estate. The Bank's settlement with the Trustee was in the best interest of the estate.

Debtors' request for an auction of the property is denied, as the unsecured creditors will receive more due to the settlement with the Trustee. Considering costs of any auction and any possible resulting litigation, the settlement is in the best interest of the estate. Due to the Bank's payment of $14,152 in exchange for release of any of the claims asserted by the Trustee against the Bank, unsecured creditors will receive more than they would have otherwise. The Order approving the settlement moots Debtors' request for an auction. The Bank gave up any right to receive a dividend from the estate and the Trustee will convey the real estate and mobile home to the Bank in exchange for its payment to the estate. Finally, there is no legal basis upon which Debtors are entitled to an award of their attorney's fees and costs.

## CONCLUSION

For all of the above reasons, the Court will enter the accompanying Order denying the Debtors' Motion for Partial Summary Judgment.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: February 20, 2014

-4-

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| GARY D. JONES ) | CASE NO. 12-10353(1)(7) |
| MARY L. JONES ) | |
| ) | |
| Debtors ) | |
| ) | |
| ALICIA C. JOHNSON, TRUSTEE ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | A.P. NO. 12-1035 |
| ) | |
| GARY D. JONES ) | |
| MARY L. JONES ) | |
| BANK OF AMERICA ) | |
| ) | |
| Defendants ) | |

### ORDER

Pursuant to the Memorandum Opinion entered into this date and incorporated herein by reference, and the Court being duly advised in the premises,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion for Partial Summary Judgment of Debtors Gary D. Jones and Mary L. Jones, be and hereby is, **DENIED**.

This is a final and appealable Order. There is no just reason for delay.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: February 20, 2014